IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16CV30

| | | |
|---|---|---|
| TRIBAL CASINO GAMING, ENTERPRISE, | ) ) ) | |
| Plaintiff | ) ) ) | **ORDER** |
| v | ) ) | |
| W.G. YATES & SONS CONSTRUCTION COMPANY, RENTENBACH CONSTRUCTORS INCORPORATED, METROMONT CORPORATION, CHOMARAT US, INC., and CHOMARAT NORTH AMERICA, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** has come before the undersigned pursuant to Metromont Corporation's Motion for Expedited Discovery for Entry on Land and Testing (#36). The Plaintiff has filed a brief (#39) in opposition to the motion and the Defendant Metromont has filed a reply (#41). After review of the briefs and the pleadings in this matter, the undersigned determined to enter an order allowing the motion (#36) and entered an Order (#48) to that effect on June 10, 2016. In the Order (#48), the Court stated "The Court will enter a follow up order setting forth its findings in more detail, but the Court wanted to provide the parties with sufficient notice of its ruling to allow the parties time to make the necessary preparations for the testing". The

1

Court sets forth these findings.

**Procedural History.** The Plaintiff filed its original Complaint (#1) on February 9, 2016, and an Amended Complaint (#3) on February 10, 2016. Defendant Metromont then filed an Amended Answer (#28). A Certification of Initial Attorneys Conference and Discovery Plan (#33) was filed on May 11, 2016, and on May 19, 2016, the undersigned held a scheduling conference at which counsel for the Plaintiff and counsel for Metromont appeared. At the end of the scheduling conference, counsel for the Defendant Metromont advised the Court that it was the position of the Defendant that the Defendant needed to immediately enter upon a building located upon lands of the Plaintiff to perform certain tests that related to the allegations contained in the pleadings. The undersigned directed that counsel for the Defendant Metromont was to file a written motion, and the Court would then direct the Plaintiff to respond to the motion. The undersigned entered a Pretrial Order and Case Management Plan (#51) in this matter on June 13, 2016.

**Factual Background.**

In April of 2003, the Plaintiff entered into a contract with W.G. Yates & Sons Construction Company for the construction of an expansion to the hotel and casino facilities owned by the Plaintiff. (#39, p. 2.) A portion of the project was the construction of a parking garage, which shall be referred to further herein as the

"hotel garage". (#39, p. 2.) W.G. Yates & Sons Construction Company engaged the Defendant Metromont as a subcontractor to design, manufacture, and assemble the hotel garage. (#39) In the construction of the hotel garage, the Defendant Metromont used precast factory-topped carbon cast "double tees". (#39, p. 2.) The Plaintiff alleges that in 2013 it discovered that the double tees were deteriorating and affecting the structural integrity of the hotel garage. (#39, p. 2.)

The Defendant contends that in 2015, the Plaintiff, without notice to the Defendant Metromont, performed extensive modifications to the double tees at the hotel deck and, as a result, only one double tee in the entire six levels of the hotel deck remains in its original unmodified condition. (#37, p. 4.) The Defendant further alleges it has made numerous requests upon the Plaintiff to perform load testing on the final, unaltered double tee without delay, but the Plaintiff refuses to allow the Defendant access to the hotel deck. Attached to the Memorandum of Law (#37) of the Defendant, are letters between counsel for the Plaintiff and counsel for the Defendant wherein the Defendant requests access for load testing of the double tee to the Plaintiff.

During the hearing of the scheduling order on May 19, 2016, counsel for Defendant Metromont advised the Court there had been executed between the parties an arbitration agreement the terms of which provides that disputes between the

parties will be arbitrated. It was further explained that the arbitration agreement provides that after the arbitrators have been selected by the parties that the arbitrators must make a decision within thirty (30) days of their appointment, and, as a result, Defendant needs to immediately test the double tees to obtain evidence to present during the arbitration. Counsel for the Plaintiff advised the Court that it was his opinion that the agreement could be modified to allow additional time for the arbitrators to render a decision. However, the undersigned pointed out to counsel for the Plaintiff that that would only be with the agreement of all the parties in this matter and if the Defendant Metromont was not allowed to test the double tee, the arbitration could possibly occur and be decided without Metromont having an opportunity to obtain evidence.

The Plaintiff responds that the Defendant Metromont had ample opportunity to conduct any load testing upon the double tee prior to the proceedings being filed in this matter. (#39, p. 4.) The Plaintiff further objects to the Defendant Metromont's offer of $1,000,000 of insurance coverage for any damages during the testing as being insufficient. (#39-1, p. 6.)

**Discussion.** Rule 26(b)(1) of the Federal Rules of Civil Procedure state as follows:

**(b) Discovery Scope and Limits.**

**(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(d)(1) of the Federal Rules of Civil Procedure states:

**Timing and Sequence of Discovery**.

**(1) Timing**. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a schedule may be modified for good cause shown with the consent of the judge.

**Rule 34(a)(2)** states:

**(a) In General**. A party may serve on any other party a request within the scope of Rule 26(b):

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Rule 34(b)(2)(A) **Responses and Objections** states:

**(A) Time to Respond**. The party to whom the request is directed

> must respond in writing within 30 days after being served or --- if the request was delivered under Rule 26(d)(2) --- within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

As an initial matter, the Court notes that the discovery period in this case began when the Court entered its Pretrial Order on June 13, 2016, and the discovery at issue in Defendant's Motion to Expedite Discovery is to occur during the discovery period. In addition, the parties have already conducted an initial pretrial conference. As a result, it is no longer expedited in the sense that Defendant is seeking leave to take early discovery prior to the commencement of the discovery period. And there is no doubt that Defendant is entitled to conduct the testing at issue during the discovery period.

The Court, however, granted Defendant's motion three days prior to the discovery period commencing, even though it directed that the testing occur during the discovery period itself. Accordingly, in an abundance of caution, this Court will also address whether the discovery sought satisfies the standard for allowing expedited discovery prior to the commencement of the formal discovery period.

The Federal Rules of Civil Procedure do not set out specific standards for evaluating expedited discovery motions, but the Rules provide the Court with authority to direct expedited discovery in limited circumstances. <u>Dimension Data</u>

North America, Inc., v. Netstar-1, Inc., 226 F.R.D. 528, 531-32 (E.D.N.C. 2005); Lewis v. Alamance Cty. Dep't of Soc. Servs., No. 1:15CV298, 2015 WL 2124211, at *1 (M.D.N.C. May 6, 2015). In evaluating request for expedited discovery, courts have applied either a reasonableness or good cause test that takes into account the totality of the circumstances or a modified preliminary injunction test. Dimension Data, 226 F.R.D. at 531; see also Carter v. Ozoenah, 2009 WL 1383307, at *3 (W.D.N.C. May 14, 2009) (Reidinger, J.) (Applying good cause standard in evaluating the necessity of expedited discovery); United Healthcare Servs., Inc. v. Richards, Civil Case No. 3:09-CV-215-RJC-DCK, 2009 WL 4825184 (W.D.N.C. Dec. 2, 2009) (Keesler, Mag. J.) (same).

Upon a review of the record, the Court finds that Defendant has demonstrated good cause for the expedited discovery. First, the request for expedited discovery is reasonably timed. Answers have been filed by the parties in this matter, and the parties, even before the May 19, 2016, hearing had conferred as required by Rule 26(f). The undersigned discussed the entry of a Pretrial Order and Case Management Plan with the parties on May 19, 2016, and then entered a Pretrial Order consistent with the discussion of those parties on June 13, 2016. Defendant filed its motion after the hearing and only a few weeks prior to the initiation of the discovery period in this case.

Second, the discovery requested by Defendant Metromont is narrowly tailored to obtain information that may be lost to it if the discovery is not allowed. As stated previously, during the conference with the parties on May 19, 2016, the undersigned was advised that if arbitration went forward in this matter, then pursuant to the arbitration agreement, the arbitrators only had thirty (30) days within which to reach their decision and conclusion in this matter. A motion seeking to compel arbitration is pending, and if that motion is allowed the Defendant may not be able to obtain testing of the only double tee that is still in its unaltered condition. Defendant Metromont has retained the engineering firm of Wiss, Janney, Elstner Associates, Inc. to perform the testing upon the double tee. Only a portion of the hotel deck will be required to be closed for this testing, that being the fifth and sixth levels. (#37, p. 12.) The proposed testing is for a five day period, originally proposed from a Monday through Friday. (#37-1, p. 7.) Testing during a one week period of one double tee the undersigned finds meets the definition of discovery being narrowly tailored.

Finally, the Court finds that Defendant has made an adequate showing that it could be irreparably harmed by delaying the examination of the double tee and outweighs any burdens of the Plaintiff. The Plaintiff has presented an Affidavit supporting the contention that the Plaintiff will suffer loss of $550.00 per parking

spot, per day. As counsel for Plaintiff acknowledged at the hearing, there is ample parking elsewhere on the premises on large surface parking lots and even a shuttle to transport guests from these parking areas to the casino. The Court gives little weight to the affidavit (#38-1) as the calculations as to loss amount are too speculative and are not reasonable. Additionally, in bringing this action, Plaintiff had to anticipate that Defendant would want to test the double tee. On the other hand, if Defendant Metromont is not allowed to examine the double tee, it may lose the opportunity to present its contentions and to properly present admissible evidence either before the Court or during arbitration. The results of the testing may even support the claims of the Plaintiff and, thus, the test might even benefit Plaintiff.

In summary, giving the timeliness of the Defendant Metromont's motion, its narrowly tailored testing request, and evidence that Metromont could be irreparably harmed by delaying the testing, expedited discovery is reasonable and will be allowed.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that Metromont Corporation's Motion for Expedited Discovery for Entry on Land and Testing (#36) is **ALLOWED.** It is further **ORDERED:**

1) That load testing and preparations for the testing on the hotel garage

may begin at **2:00 p.m. eastern time on Sunday, June 19, 2016**. Load testing must be ceased and all related equipment removed from the hotel garage and traffic lanes cleared no later than **2:00 p.m. on Saturday, June 25, 2016;**

2) The Defendant Metromont and its engineering firm Wiss, Janney, Elstner Associates, Inc. will provide no less than $1,000,000.00 in applicable insurance coverage for their activities related to the load testing and such insurance policy name the Plaintiff as an additional insured;

3) That the Defendant Metromont and Wiss, Janney, Elstner Associates, Inc. each must have no less than one employee on the Plaintiff's property at all times to monitor the load testing from the time that equipment for the testing is placed in the Plaintiff's hotel garage until all testing equipment is removed and all parts of the hotel garage are reopened to invitees of the Plaintiff;

4) Defendant Metromont is hereby **ORDERED** to repair, at its expense to the double tee that results from the load testing in accordance with prior repair protocol which was prepared by Reigstad & Associates, Inc. and utilized on other double tees in the garage.

Signed: June 16, 2016

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge